**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4004**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADEBOWALE OLOYEDE OJO, a/k/a Debo,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Lydia Kay Griggsby, District Judge.  (8:21-cr-00028-LKG-1)

Submitted:  July 29, 2025                           Decided:  August 1, 2025

Before KING, WYNN, and BERNER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Marc G. Hall, LAW OFFICES OF MARC G. HALL, P.C., Greenbelt, Maryland, for Appellant.  Kelly O. Hayes, Acting United States Attorney, Greenbelt, Maryland, David Christian Bornstein, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adebowale Oloyede Ojo pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846, and distribution of and possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). On Ojo's first direct appeal, we affirmed his convictions but remanded for plenary resentencing due to error under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020). On remand, the district court again sentenced Ojo to a 162-month term of imprisonment and four-year term of supervised release, along with mandatory, standard, and special conditions of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Ojo's sentence is reasonable. Although advised of his right to do so, Ojo has not filed a pro se supplemental brief. Because we have already affirmed Ojo's convictions, only his new sentence is properly before us on appeal.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (alteration in original) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In performing that review, we must first determine whether the district court "committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* If "the district court has not committed procedural error," we then assess

2

the substantive reasonableness of the sentence. *Id.* Our substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

We are satisfied that Ojo's sentence of imprisonment is procedurally reasonable. The district court correctly calculated the Guidelines range, adequately considered the § 3553(a) factors, and provided a meaningful explanation for the sentence that it chose, which fell within the Sentencing Guidelines range to which the parties stipulated in Ojo's plea agreement. *See Gall*, 552 U.S. at 49-51. We also conclude that nothing in the record rebuts the presumption of substantive reasonableness afforded to Ojo's 162-month sentence. The court appropriately acknowledged Ojo's upbringing, considered the nature of the offense and the need to protect the public from Ojo's criminal behavior, and considered the need to deter recidivism. Finally, we discern no error in the district court's oral pronouncement of the discretionary conditions of Ojo's supervised release. *See Rogers*, 961 F.3d at 296-97.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Ojo, in writing, of the right to petition the Supreme

3

Court of the United States for further review.  If Ojo requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Ojo.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*